UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET KRIS,<br><br>*Plaintiff,*<br><br>v.<br><br>BEHAVIORAL HEALTH SERVICES,<br>BOSTON REGIONAL OFFICE OF THE<br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES<br>OFFICE FOR CIVIL RIGHTS<br><br>*Defendants.* | Case No.: 4:24-cv-40138-MRG |

**MEMORANDUM & ORDER REGARDING
JUDGE HENNESSY'S ORDER AND REPORT &
RECOMMENDATION [ECF No. 22]**

**GUZMAN, D.J.**

## I. INTRODUCTION

This is a civil rights case. Pro se Plaintiff Margaret Kris argues, in the main, that employees of Defendant-Behavioral Health Services[1] violated her rights when they allegedly falsified her medical records and then refused to provide mental health services because of her refusal to disclose her COVID-19 vaccination status. Plaintiff further alleges that Defendant-Boston Regional Office of the United States Department of Health and Human Services Office for Civil Rights ("DHHS OCR") wrongfully failed to investigate the substance of the complaints that she filed with that agency, which related to her underlying claim against Behavioral Health

---

[1] Plaintiff's Amended Complaint, [ECF No. 14], did not provide any further information regarding the name and/or location of this Defendant.

1

Services.

Before the Court are Plaintiff's Objections, [ECF No. 25], to U.S. Magistrate Judge Hennessy's Order and Report and Recommendation (the "Order & R&R"), [ECF No. 22]. Specifically, Judge Hennessy's Order and R&R contained the following decisions and recommendation:

| Decision / Recommendation | Order or Recommendation?[2] |
|---|---|
| GRANTED Plaintiff's motion to add Defendant DHHS OCR [ECF No. 15]; | *Order* |
| GRANTED Plaintiff's motion to remove the Commonwealth of Massachusetts as a Defendant [ECF No. 16]; | *Order* |
| DENIED the following motions -- all filed by Plaintiff -- as moot: [ECF No. 12], [ECF No. 19], [ECF No. 20], and [ECF No. 21]; | *Order* |
| ORDERED that this action be reassigned to a U.S. District Judge,[3] and | *Order* |
| RECOMMENDED that this action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[4] and Judge Hennessy's prior Memorandum and Order [ECF No. 10]. | *Recommendation* |

[ECF No. 22 at 5].

---

[2] The distinction between orders and recommendations issued by U.S. magistrate judges is discussed *infra*.

[3] In turn, this case was assigned to the undersigned on February 12, 2025. [ECF No. 23].

[4] This statutory provision provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . *fails to state a claim on which relief may be granted* . . . ." 28 U.S.C. §§ 1915(e)(2)(B)(ii) (emphasis added).

After careful review of Amended Complaint, [ECF No. 14], Judge Hennessy's initial Memorandum and Order, [ECF No. 10], Judge Hennessy's Order and R&R [ECF No. 22], and Plaintiff's objections to the Order and R&R, [ECF No. 25], the Court hereby **OVERRULES** each of Plaintiff's four (4) objections, **AFFIRMS** each of Judge Hennessy's above-listed Orders, and **ADOPTS** Judge Hennessy's recommendation to dismiss this case. Accordingly, this action is **DISMISSED**. All other pending motions on the docket are therefore **DENIED AS MOOT**.

## II. BACKGROUND[5]

### a. Abbreviated Factual Summary & Procedural History

The undersigned assumes familiarity with the facts and procedural history of this case, detailed most recently in the Order and R&R. [ECF No. 22 at 1-4]. The undersigned notes that Judge Hennessy found that Plaintiff's original complaint, [ECF No. 1], failed to state a claim upon which relief may be granted. [ECF No. 10 at 3]. Judge Hennessy further ruled that to the extent Plaintiff wished to proceed,

---

[5] U.S. district judges must review the *unobjected to* portions of U.S. Magistrate Judges' reports and recommendations for clear error. See, e.g., Grinder v. Gammon, 73 F.3d 793, 795 (8th Cir. 1996); Wilds v. UPS, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.") (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

After careful review, the Court finds no clear error in the Order and R&R's unobjected to factual findings and hereby adopts them. See, e.g., Latin Am. Music Co. v. Media Power Grp., Inc., No. 07-2254(ADC), 2011 U.S. Dist. LEXIS 34824, at *2–3 (D.P.R. Mar. 29, 2011) ("Inasmuch as neither party has made a specific objection to the Magistrate-Judge's recitation of the factual background, the court hereby adopts the same.").

3

she would need to file an amended complaint. [Id. at 5]. Judge Hennessy provided cogent instructions for doing so and the Court advised Plaintiff that any amended complaint would be subject to further screening. [Id.]

In turn, Plaintiff filed an Amended Complaint, [ECF No. 14], which Judge Hennessy then carefully screened in the Court's Order and R&R. [ECF No. 22]. As detailed in the Table *supra*, Judge Hennessy issued several orders regarding Plaintiff's non-dispositive motions and ultimately recommended that the assigned U.S. district judge should dismiss this action because it failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and for the reasons stated in his Honor's initial Memorandum and Order. [ECF No. 10]; [ECF No. 22 at 5].

Plaintiff timely filed a document containing four (4) objections to the Order and R&R. [ECF No. 25]. No parties have filed a response to these objections and the deadline to do so has now passed. Therefore, Plaintiff's objections are ready for decision.

## III. LEGAL STANDARDS

### a. This Court's Review of U.S. Magistrate Judges' Orders and R&Rs

Together, Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636 govern U.S. district judges' review of decisions rendered by U.S. magistrate judges. E.g., A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002). Both the Rule and the statute recognize a distinction between dispositive pretrial matters and non-dispositive pretrial matters. Magistrate judges generally may issue orders on non-dispositive matters and reports and recommendations on dispositive

matters.[6]  See, e.g., Green v. Humerickhouse, No. 1:24-cv-901, 2025 U.S. Dist. LEXIS 54807, at *3 (W.D. Mich. Mar. 25, 2025) ("Magistrate judges generally have authority to enter orders regarding non-dispositive pre-trial motions . . . but they must submit report and recommendations on case-dispositive matters . . . ." (internal citations omitted)).

When a magistrate judge rules on a non-dispositive pretrial matter, a party must object to the order within 14 days and "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).  When a party timely objects to a magistrate judge's order on a non-dispositive matter, the Court may modify or set aside any part of the order that is clearly erroneous or is contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Servicios Funerarios GG v. Advent Int'l Corp., No. 1:23-cv-10684-IT, 2024 U.S. Dist. LEXIS 95192, at *2-3 (D. Mass. May 29, 2024) (explaining that "[a] district court reviews the magistrate judge's factual findings for clear error . . . and legal conclusions under the 'contrary to law' standard . . . ." (internal citations omitted)).

With respect to a magistrate judge's proposed findings and recommendations for a dispositive pretrial matter, a party may file "specific written objections" within fourteen days after being served with a copy of the recommended disposition.  Fed. R. Civ. P. 72(b)(2).  If any objections are filed, other parties may respond within fourteen days after being served with a copy of the objections.  If a party lodges a proper

---

[6] There is an exception for instances where all parties consent to a magistrate judge's authority to decide dispositive motions.  See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  The record in this case reveals no such consent.

objection, the U.S. district judge must then make a *de novo* determination of any part of the magistrate judge's disposition that has been objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Objections containing arguments that were not raised before the U.S. magistrate judge, or arguments that refer to previously available evidence, are deemed waived. See Guzman-Ruiz v. Hernandez-Colon, 406 F.3d 31, 36 (1st Cir. 2005); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) (explaining that a party objecting to a report and recommendation is "not entitled to a *de novo* review of an argument never raised" before the magistrate).[7] Ultimately, the U.S. district judge may "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

### b. Pro Se Pleadings

When, as here, a plaintiff is proceeding pro se, the Court must construe her filings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) ("[W]e hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." (citations omitted)). Indeed, a pro se complaint, "'however inartfully pleaded, must be held to

---

[7] Accordingly, the clear error standard applies to improper objections. See, e.g., Miller v. Hamlett, No. 19-CV-11097 (GBD), 2022 U.S. Dist. LEXIS 95013, at *5 (S.D.N.Y. May 26, 2022) ("The clear error standard also applies if a party's 'objections are improper'—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge'" (citations omitted) (quoting Stone v. Comm'r of Soc. Sec., No. 17-cv-569 (RJS) (KNF), 2018 U.S. Dist. LEXIS 51974, at *8-9 (S.D.N.Y. Mar. 27, 2018))

less stringent standards than formal pleadings drafted by lawyers . . . .'" Erickson, 551 U.S. at 94  (quoting Estelle v. Gamble, 428 U.S. 97, 106 (1976)).  That said, pro se litigants "still must comply with procedural and substantive law" and "[d]ismissal of a pro se complaint is appropriate when the complaint fails to state an actionable claim."  Harihar v. United States Bank Nat'l Ass'n, No. 15-cv-11880-ADB, 2017 U.S. Dist. LEXIS 50596, at *14 (D. Mass. Mar. 31, 2017) (citations omitted); Chum v. United States Bank, N.A., No. 14-14683-GAO, 2016 U.S. Dist. LEXIS 4168, at *3 (D. Mass. Jan. 13, 2016) ("While pro se filings are read liberally, this Court is not required read into the complaint facts which do not appear." (citations omitted)).

## IV.    APPLICATION

### a. Objection #1

Plaintiff's first objection challenges Judge Hennessy's recommendation to dismiss the case.  Specifically, Plaintiff objects to Judge Hennessy's conclusion that "[e]ven with the more liberal construction accorded a pro-se litigant[']s pleading, the amended complaint still fails to provide a basis for this Court['s] jurisdiction and fails to state any factual matter that, if accepted as true, would allow [Plaintiff] to prevail on any identifiable cause of action."  [ECF No. 25 at 1 (Plaintiff paraphrasing Judge Hennessy's Order and R&R)]; see [ECF No. 22 at 3].

#### i. Was the Objection Properly Raised?

Objection #1 was properly raised.  The arguments that form its basis were implicitly and sufficiently raised before Judge Hennessy (i.e., there is no indication that Plaintiff was *not* trying to state a claim or claims in the Amended Complaint

7

[ECF No. 14]), and the objection was timely and sufficiently articulated in Plaintiff's R&R objections filing.  [ECF No. 25].

### ii. What Standard of Review Applies?

Since Objection #1 goes directly to Judge Hennessy's recommendation on a dispositive matter (i.e., whether to dismiss the case), the undersigned must make a *de novo* determination.  Specifically, the Court must decide whether Plaintiff's Amended Complaint, [ECF No. 14], even when construed liberally, states a claim on which relief may be granted.

### iii. Analysis & Ruling

After applying the *de novo* lens and construing the Amended Complaint liberally, the undersigned concludes that Plaintiff's Amended Complaint fails to state a claim upon which relief may granted.  [See ECF No. 14].  Although Plaintiff refers to various Constitutional and statutory provisions throughout, [see, e.g., ECF No. 14 at 6 (referencing Plaintiff's First and Fourteenth Amendment rights); id. at 7 (referencing alleged violations of Section 504 of the Rehabilitation Act of 1973)], the pleading lacks substantial clarity and primarily consists of vague legal conclusions that do not point towards any identifiable causes of action.  See, e.g., Koplow v. Watson, 751 F. Supp. 2d 317, 320-21 (D. Mass. 2010) (concluding that dismissal was warranted where the pro se plaintiff's complaint failed to contain allegations that were "simple, concise, and direct" (quoting Fed. R. Civ. P. 8(d)(1))).  A few select examples illustrate this point.

With respect to Defendant Behavioral Health Services, Plaintiff's Amended Complaint:

- Avers that a Behavioral Health Services employee "demand for [her] to reveal [her] vaccine status *was unlawful* . . . ." [ECF No. 14 at 6 (emphasis added)];

- Argues that "[*her*] *14th Amendment right was also violated* as [Plaintiff] [has] [] the right to the pursuit of life, liberty, and the pursuit of happiness. Withholding treatment for mental health during a global pandemic put [her] life at risk, the mandates deprived [her] of the liberty to not comply with said mandates as non[-]compliance costs [one] [their] right to make informed decisions based on health care." [Id. (emphasis added)];

- Asserts that a Behavioral Health Services employee's alleged "termination of my mental health services *is also a violation of federal law* under Section 504 [which] prohibited discriminatory acts in healthcare and human services settings…" [Id. at 7 (emphasis added)].

As the First Circuit has explained, "[d]ismissal is warranted when a complaint's factual averments are 'too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture.'" Keach v. Wheeling & Lake Erie Ry. Co. (In re Montr., Me. & Atl. Ry., Ltd.), 888 F.3d 1, 6 (1st Cir. 2018) (citing SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)). Here, the Amended Complaint's bare factual averments fail to remove Plaintiff's possibility of relief from the "realm of mere conjecture." See id.

Plaintiff's case against DHHS OCR also fails because the Amended Complaint lacks substantial clarity and primarily consists of vague legal conclusions. [See ECF No. 14]. The Amended Complaint lacks substantial clarity because Plaintiff makes allegations without providing any meaningful factual support for her claims. For

9

example, Plaintiff baldly accuses the agency of "cho[osing] to ignore their duties of enforcement" without providing any factual basis for that charge. [Id. at 11]. Here, too, Plaintiff failed to remove the possibility of relief against DHHS OCR from the "realm of mere conjecture." See Keach, 888 F.3d at 6 (citing Tambone, 597 F.3d at 442).

The claim against DHHS OCR also fails for an independently sufficient reason: the doctrine of sovereign immunity. Under this doctrine, the United States "is immune from suit unless it has consented to be sued." Skwira v. United States, 344 F.3d 64, 72 (1st Cir. 2003) (citation omitted). Nothing in the record indicates that DHHS OCR has waived its sovereign immunity and consented to being sued in this action. To the extent that Plaintiff attempts to advance a Federal Tort Claims Act ("FTCA")[8] claim, the Amended Complaint failed to allege satisfaction of that statute's exhaustion requirements. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit."). The exhaustion requirements apply with equal force to pro se litigants. See, e.g., Caldwell v. Klinker, 646 F. App'x 842, 846 (11th Cir. 2016) ("Even *pro se* litigants must comply with the exhaustion requirement. Unless and until a claimant has exhausted his

---

[8] 28 U.S.C §§ 1346(b). As the First Circuit has explained, "[t]hrough the FTCA, Congress waived sovereign immunity as to certain actions against the United States for damages 'caused by the negligent or wrongful act or omission of [an] employee of the Government while acting within the scope of his office or employment,' to the same extent that a private individual would be liable for such damages" Lozada-Manzano v. United States, 75 F.4th 31, 38 (1st Cir. 2023) (quoting 28 U.S.C. § 1346(b)(1)).

administrative remedies under the FTCA, the district court lacks subject-matter jurisdiction.") (citations omitted).

Continuing to construe the Amended Complaint liberally, the Court will make three brief and final findings. First, to the extent that Plaintiff's Amended Complaint attempts to advance a Bivens action[9], that claim fails because DHHS OCR is a federal agency. See, e.g., Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) ("It is well settled that a Bivens action will not lie against an agency of the federal government."). Second, to the extent that Plaintiff attempts to advance a claim against DHHS OCR for violating the Health Insurance Portability and Accountability Act ("HIPAA")[10], it is well-settled that there is no private right of action under HIPAA and thus Plaintiff's claim would fail on that basis. See, e.g., Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009). Finally, nothing in the HIPPA statute allows for dissatisfied parties to seek redress in court against the U.S. Department of Health and Human Services Secretary (or one of the Secretary's agents) for allegedly failing to investigate a complaint; which is the gravamen of Plaintiff's case against the agency. A number of other federal courts that have encountered this sort of claim

---

[9] See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971); Carlson v. Green, 446 U.S. 14, 18 (1980) (explaining that "Bivens established that the victims of a constitutional violation *by a federal agent* have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." (emphasis added)); Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006) ("Though more limited in some respects not relevant here, a Bivens action is the federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983." (citations omitted)).

[10] 42 U.S.C. § 1320(d) et seq.

have dismissed them at the initial screening stage,[11] and this Court will follow the same path. Accordingly, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted and that any subsequent amendment would be futile. Therefore, Objection #1 is hereby **OVERRULED**.

### b. Objection #2

Plaintiff's second objection relates to the following finding from Judge Hennessy in his Order and R&R: "[a]s to the newly named defendant DHHS OCR, the essence of Kris' claim is that her rights were violated by the decision not to investigate Kris' complaints filed through the Office for Civil Rights." [ECF No. 22 at 3]. Plaintiff objects on the basis that "[t]o say that a second defendant is the essence of my claim is simply inaccurate." [ECF No. 25 at 2]. Plaintiff then goes on to explain that she wishes to now *remove* DHHS OCR as a defendant since she has come to realize the implications that sovereign immunity would have on that claim. [Id.]

#### i. Was the Objection Properly Raised?

Objection #2 is a defective objection. In his Honor's initial Memorandum and Order, [ECF No. 10], Judge Hennessy referenced the doctrine of sovereign immunity as that doctrine related to former Defendant Commonwealth of Massachusetts. [ECF No. 10 at 4]. Just because Plaintiff did not realize that sovereign immunity might

---

[11] See, e.g., Thomas v. HHS, No. 17-cv-2264-SHM-tmp, 2017 U.S. Dist. LEXIS 178594, at *6 (W.D. Tenn. May 10, 2017), adopted by, No. 2:17-cv-02264-SHM, 2017 U.S. Dist. LEXIS 177660 (W.D. Tenn., Oct. 26, 2017) (recommending dismissal of a similar claim even though the applicable federal regulation, 45 C.F.R. § 160.306, had been amended so as to somewhat limit the Secretary's discretion with respect to the investigation of complaints).

also have implications relative to federal agencies is of no moment. More fundamentally, though, Objection #2 is defective because it does not properly challenge one of Judge Hennessy's specific factual findings or legal conclusions, but instead amounts to a request to further amend the Amended Complaint.

### ii. What Standard of Review Applies?

Objection #2 is not a proper objection to the Order and R&R but is instead in substance a motion to join additional parties under Fed. R. Civ. P. 21. See, e.g., Black v. Madderdom, No. 3:22-CV-19 (CAR), 2023 U.S. Dist. LEXIS 157808, at *6 (M.D. Ga. Sep. 6, 2023) ("A motion to amend a complaint to join additional parties also implicates Fed. R. Civ. P. 21. Rule 21 simply states 'the court may at any time, on just terms, add or drop a party.'" (quoting Fed. R. Civ. P. 21)). As another federal district court has explained:

> "When evaluating a motion for leave to amend a complaint to add a defendant, courts evaluate: (1) whether the amendment to add a defendant would be futile, recognizing that a proposed amendment is futile if the proposed claim could not withstand a Rule 12(b)(6) motion to dismiss; (2) whether Plaintiff[] ha[s] exhibited undue delay in bringing the motion to amend; (3) whether the amendment would be unfairly prejudicial, *i.e.*, resulting in undue or substantial prejudice such as when the nonmoving party shows that it would be [un]fairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered; and (4) whether [Plaintiff] has demonstrated bad faith so that an amendment to the [c]omplaint should be prohibited."

Foxmind Can. Enter. LTD v. Yoyo Lip Gloss, Inc., No. 22-CV-05349 (HG), 2023 U.S. Dist. LEXIS 86858, at *5-6 (E.D.N.Y. Mar. 2, 2023) (alterations in original) (citation

13

omitted) (quoting <u>Marchella v. NY Inc. v. Meija Tropical Prods. LLC</u>, No. 22-cv-551 (JS)(ST), 2022 U.S. Dist. LEXIS 208928, at *5-6 (E.D.N.Y. Nov. 17, 2022).

### iii. Analysis & Ruling

Here, amendment to add or drop parties would be futile and Plaintiff's motion to amend the complaint under Rule 21 is denied on that basis. First, Plaintiff was already given an opportunity to amend her complaint after she learned in general terms about the doctrine of sovereign immunity from Judge Hennessy's initial Memorandum and Order. [ECF No. 10 at 4]. More fundamentally, though, amendment to add another party would be futile because, as discussed at length *supra*, Plaintiff has failed to state a claim relative to her 'failure to investigate' theory. Accordingly, Objection #2 is hereby **OVERRULED**.

### c. Objection #3

Plaintiff's third objection relates to Judge Hennessy's order denying as moot Plaintiff's motion for the Court to reveal what agency the alleged theft of Plaintiff's documents was reported to. [ECF No. 25 at 3-4; ECF No. 12]; [ECF No. 22 at 5].

### i. Was the Objection Properly Raised?

Objection #3 was a properly raised objection since it relates to one of Judge Hennessy's order on a non-dispositive motion.

### ii. What Standard of Review Applies?

Objection #3 relates to an <u>order</u> from Judge Hennessy on a non-dispositive motion. Further, it relates to a legal conclusion from Judge Hennessy (i.e., that Plaintiff's motion was denied as moot). Accordingly, this Court must review that

14

decision to determine if it was "contrary to law."  See Servicios Funerarios GG, 2024 U.S. Dist. LEXIS 95192, at *2-3.

### iii. Analysis & Ruling

Judge's Hennessy's order denying Plaintiff's motion [ECF No. 12] as moot was *not* contrary to law.  On the contrary, it was a decision in accord with his Honor's ultimate conclusion that Plaintiff had failed to state a claim; a conclusion that the undersigned has independently reached after *de novo* review, as discussed *supra*. Plaintiff's motion asked the Court to "reveal what agency [received reports regarding] the theft of all documents pertaining to this case from [Plaintiff's home] . . . ." [ECF No. 12].  This motion is clearly moot because Plaintiff has failed to state a claim. Moreover, it effectively asked the Court to produce discovery about an undefined theft of documents.  That is not a proper motion and it could also have been denied on that basis.  See Fed. R. Civ. P. 7(b).  In any event, this Court finds that Judge Hennessy's order denying as moot Plaintiff's motion was not contrary to law.  Accordingly, Objection #3 is hereby **OVERRULED** and Judge's Hennessy's order denying this motion, [ECF No. 22 at 5], is hereby **AFFIRMED**.

### d. Objection #4

Plaintiff's fourth objection relates to Judge Hennessy's order denying as moot Plaintiff's motion asking the Court to address alleged ongoing mail tampering.  [ECF No. 25 at 4]; [ECF No. 20]; [ECF No. 22 at 5].

### i. Was the Objection Properly Raised?

Objection #4 was a properly raised objection since it related to one of Judge Hennessy's order on a non-dispositive motion.

### ii. What Standard of Review Applies?

Objection #4 relates to an <u>order</u> from Judge Hennessy on a non-dispositive motion. Further, it relates to a legal conclusion from Judge Hennessy (i.e., that Plaintiff's motion was denied as moot). Accordingly, this Court must review that decision to determine if it was "contrary to law." See Servicios Funerarios GG, 2024 U.S. Dist. LEXIS 95192, at *2-3.

### iii. Analysis & Ruling

Judge's Hennessy's order denying Plaintiff's motion [ECF No. 20] as moot was *not* contrary to law. Indeed, it was in accord with his Honor's ultimate conclusion that Plaintiff had failed to state a claim; a conclusion that the undersigned has independently reached after *de novo* review, as discussed *supra*. Plaintiff's motion sought to "bring to the Court's attention" the latest alleged instance in which someone had tampered with Plaintiff's mail. [ECF No. 20]. This motion is clearly moot because Plaintiff has failed to state a claim. Moreover, it was not a proper motion and it could also have been denied on that basis. See Fed. R. Civ. P. 7(b). In any event, this Court finds that Judge Hennessy's order denying as moot Plaintiff's motion was not contrary to law. Accordingly, Objection #4 is hereby **OVERRULED** and Judge's Hennessy's order denying this motion, [ECF No. 22 at 5], is hereby **AFFIRMED**.

## V. PLAIN LANGUAGE SUMMARY FOR PRO SE PLAINTIFF

Your Amended Complaint [ECF No. 14] is being dismissed because you have failed to state a claim upon which relief could be granted, and because, as to your claim against DHHS OCR, you may not sue the United States of America unless, among other things, you carry your burden of showing that the federal government waived its sovereign immunity. Sovereign immunity is a legal principle that the government cannot be sued without its consent. So, your Objection #1 is overruled. Your other three objections are overruled, as well. As to Objection #2, you are not allowed to further add or remove parties in this case since further amendment of your complaint would be futile (i.e., in vain), and because (2) you were already given an opportunity to amend your complaint. Objection #3 and Objection #4 are each overruled because Judge Hennessy's rulings were not contrary to law and were in accord with the ultimate conclusion that your Amended Complaint failed to state a claim.

## VI. CONCLUSION

For the reasons set forth above, this Court hereby **OVERRULES** each of Plaintiff's four (4) objections, **AFFIRMS** each of Judge Hennessy's above-listed Orders, and **ADOPTS** Judge Hennessy's recommendation to dismiss this case. Accordingly, this action is **DISMISSED**. All other pending motions on the docket are therefore **DENIED AS MOOT**.

**SO ORDERED.** /s/ Margaret R. Guzman
Dated: May 30, 2025 The Hon. Margaret R. Guzman
United States District Judge